# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RICHARD HARRIS AND GABRIELLE HARRIS**, | Case No. 3:22-cv-1346-SI |
| Plaintiffs, | **OPINION AND ORDER** |
| v. | |
| **SAFECO INSURANCE COMPANY OF ILLINOIS**, | |
| Defendant. | |

Ralph C. Spooner and Tyler E. Staggs, SPOONER STAGGS TRIAL LAWYERS, 530 Center Street N.E., Suite 712, Salem, OR 97301; Robert E.L. Bonaparte and Stephen Leggatt, BONAPARTE & LEGGATT, LLC, 1 SW Columbia Street, Suite 460, Portland, OR 97204. Of Attorneys for Plaintiffs.

Lloyd Bernstein and Sean Downing, BULLIVANT HOUSER BAILEY PC, 1 SW Columbia Street, Suite 800, Portland, OR 97204. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiffs Richard and Gabrielle Harris bring this lawsuit seeking nearly $15.5 million

from their insurer, Safeco Insurance Company of Illinois ("Safeco"). Before the Court is

Safeco's Motion for Partial Summary Judgment.[1] Safeco argues that Plaintiffs' noneconomic damages should be limited to exclude damages related to emotional distress arising from litigation. Plaintiffs respond that there is an issue of fact whether they seek emotional distress arising from litigation, because Plaintiffs' emotional distress that Safeco calls "from litigation" in fact was caused by Safeco's original claims-related conduct, which Plaintiff contends was wrongful. Plaintiffs also argue that litigation-related emotional distress damages are recoverable in cases alleging a violation of Oregon Revised Statutes ("ORS") § 746.230(1). For the reasons discussed below, the Court grants in part and denies in part Safeco's motion.

## STANDARDS

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000); *see also Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) ("When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" (quoting *Celotex*, 477 U.S. at 325)). "Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of

---

[1] Notwithstanding Plaintiffs' request for oral argument, the Court does not believe that oral argument would assist in resolving the pending motion. *See* LR 7-1(d)(1).

fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). "If the moving party meets its initial burden, the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)).

The Court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient." *Anderson*, 477 U.S. at 252, 255. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

## BACKGROUND

On August 2, 2022, Plaintiffs suffered property damage caused by a house fire. Mrs. Harris was able to put out the fire herself. Due to the smell of burning plastic, however, Plaintiffs hired a remediation company and temporarily lived outside their home. They sought coverage under Defendant's "Additional Living Expenses" ("ALE") insurance provision. On August 8, 2022, Plaintiffs informed Safeco that they could not stay in a hotel because they had farm animals. On August 11, 2022, Safeco notified Plaintiffs that Safeco was investigating the claim. Specifically, Safeco explained that it was evaluating whether Plaintiffs made a misrepresentation when applying for coverage regarding whether the property was being used as a farm. While the claim was under investigation, Safeco made no ALE payments.

Several weeks later, on September 1, 2022, Safeco concluded that Plaintiffs had not made a misrepresentation. That day, Plaintiffs' attorney requested that Plaintiffs be permitted to purchase a "fifth wheel trailer" as their ALE accommodation. Safeco immediately responded that the investigation was concluded but Plaintiffs could not *purchase* a fifth wheel trailer, although Safeco would *lease* one for Plaintiffs for three months. The next day, Safeco made its first payment for the house loss. On September 8, 2022, five weeks after Plaintiffs' date of loss and one week after Safeco offered to lease a fifth wheel trailer and made its first payment on the house loss, Plaintiffs filed this lawsuit.

Plaintiffs originally brought claims for breach of contract, breach of the implied covenant of good faith and fair dealing, intentional misrepresentation, intentional infliction of emotional distress, negligence per se, and intentional interference with economic relations. Plaintiffs originally sought $550,000 in economic damages and $500,000 in noneconomic damages. Two days later, they purchased a fifth wheel trailer for $119,095.46, including taxes and delivery fees. By December 5, 2022, Safeco had paid its policy limits on the ALE policy. It had also paid more than $100,000 toward the loss of contents.

On August 1, 2023, Plaintiffs filed their First Amended Complaint. Plaintiffs eliminated their contract claims, which had been settled. Plaintiffs continued to assert claims for intentional infliction of emotional distress; negligence per se; and intentional interference with economic relations. Plaintiffs sought $250,000 in economic damages, $500,000 in noneconomic damages, and $1 million in punitive damages.

On October 25, 2024, Plaintiffs filed their Second Amended Complaint ("SAC"), which is the operative Complaint in this action. In their SAC, Plaintiffs assert only a claim of negligence per se. For that claim, Plaintiffs allege noneconomic damages of $50,000 for

PAGE 4 – OPINION AND ORDER

Mr. Harris and $15 million for Mrs. Harris, past economic damages of $75,000 for Mrs. Harris and future economic damages of $250,000 for Mrs. Harris, and additional economic damages of $50,000 for business loss.

## DISCUSSION

Safeco moves for partial summary judgment. Safeco asks the Court to limit Plaintiffs' noneconomic damages by excluding any litigation-related emotional distress damages.[2] Safeco does not articulate any specific dollar amount in its motion and moves only to limit a potential category of damages. Safeco argues that the litigation process, and not the ALE claims process, was the primary cause of Mrs. Harris's emotional distress. Safeco notes that by December 5, 2022, it had paid the ALE policy in full, and Mrs. Harris had only had one doctor visit relating to anxiety and depression (at the beginning of the ALE process). On the other hand, her visits to an emergency room and her other medical appointments can be traced for the most part to major litigation events that post-date the conclusion of the ALE claims process. Safeco also sets out the timeline for its fire loss claim processing, including stating that it had paid more than $200,000 on that loss by February 2023, and that the contract claim was resolved in full through mediation on April 26, 2023, with an additional payment of $220,000. Thus, Safeco contends that Mrs. Harris could not have suffered *any* "claims related" emotional distress after April 2023.[3]

---

[2] Safeco does not move for summary judgment on the merits. In other words, Safeco does not argue that no reasonable juror could find that Safeco violated ORS § 746.230(1) in processing Plaintiffs' claim. The Court's Opinion and Order here, resolving this Motion for Partial Summary Judgment, therefore, is without prejudice to Safeco filing a further dispositive motion or a motion for judgment as a matter of law under Rule 50(a).

[3] Mrs. Harris had a doctor visit in September 2022, one emergency room visit in January 2023, and another emergency room visit in February 2023. Her next medical appointment was an emergency room visit two weeks after the mediation resolving her contract claims.

Plaintiffs respond that there is a genuine issue of fact as to whether they are seeking litigation-related emotional distress damages because it could have been Mrs. Harris's need to recount the allegedly deficient claims processing in discovery and depositions that triggered her anxiety and depression, not the litigation events themselves. Plaintiffs also argue that even if Mrs. Harris's emotional distress damages did stem from litigation, such damages are recoverable in this type of case. Plaintiffs note that the cases excluding litigation-related emotional distress damages cited by Safeco have not arisen under ORS § 746.230(1).

Although Safeco's motion was directed at limiting a category of damages, in Safeco's reply, Safeco appears to contend that all $15 million of Mrs. Harris's noneconomic damages are "litigation-related" damages. Safeco argues that Plaintiffs do not provide sufficient evidence to show a *material* issue of fact regarding causation. The Court disagrees. Plaintiffs provide expert testimony that Mrs. Harris's stress from litigation events was caused by her reliving her initial traumatic event of her family's month of essential homelessness allegedly caused by Safeco's failure to appropriately process Plaintiffs' claim and make prompt payment. There is a material issue of fact for the jury to decide whether Mrs. Harris's emotional distress damages arise from litigation or from Safeco's underlying claims processing, and if so, how much of those damages fall into each category. But that does not preclude Safeco's motion for partial summary judgment. The Court may still find as a matter of law that this *category* of damages is unrecoverable. If the Court agrees with Safeco, then a jury would need to parse Plaintiffs' requested emotional distress damages and discount any damages the jury finds resulted from litigation-related causes.

The Court therefore must resolve Plaintiffs' argument that litigation-related emotional distress damages are recoverable in cases under ORS § 746.230(1). In arguing to the contrary,

Safeco primarily relies on *School District No. 1, Multnomah County v. Nilsen*, 271 Or. 461

(1975). In *Nilsen*, the Oregon Supreme Court held that a plaintiff who sued her former employer

under Oregon's then-existing Fair Employment Practices Law was not entitled to damages for

emotional distress when the "pressures of which she complain[ed] came about principally from

the bringing of the legal proceedings and [were] the normal results of being a litigant,

particularly if the litigation is a matter of interest to a considerable number of people." *Id.* at 485.

The court explained:

> It can be argued that [the plaintiff] should not have been placed in
> a position where she had to assert her rights, but the same can be
> said of the successful plaintiff in any case. Awards of damages of
> this kind are usually limited to malicious prosecution and similar
> actions.

*Id.* at 485-86.

Safeco also cites out-of-state cases as persuasive authority, which hold that damages

from litigation stress is unrecoverable and a defendant should be able to defend against claims

without multiplying damages. *See, e.g.*, *Knussman v. Maryland*, 272 F.3d 625, 642 (4th

Cir. 2001); *Stoleson v. United States*, 708 F.2d 1217, 1223 (7th Cir. 1983); *Flowers v. First

Hawaiian Bank*, 295 F. Supp. 2d 1130, 1140 (D. Haw. 2003), *aff'd sub nom. Flowers v. U.S.

Army, 25th Infantry Div.*, 179 F. App'x 986, 988 (9th Cir. 2006); *Picogna v. Board of Educ.*, 143

N.J. 391, 398 (1996).

Safeco particularly emphasizes *Knussman*, in which the Fourth Circuit highlighted that

the plaintiff's anxiety increased when the litigation activity increased and continued even after

the employer granted the plaintiff leave to care for his second child because he was still litigating

the denial of leave to care for his first child. *Knussman*, 272 F.3d at 641. This led the court to

conclude that the plaintiff's emotional distress was linked, at least in part, to the litigation. *Id.*

at 642. The Fourth Circuit thus ordered a new trial on damages to determine the portion of the

plaintiff's emotional distress that was only related to the employer's constitutional violation. *Id.* Similar facts are present here—Mrs. Harris's symptoms increased during when litigation activity increased and did not abate when she prevailed on her contract claims against Safeco, leaving only her claim for emotional distress.

In response, Plaintiffs cite the Oregon Supreme Court's decision in *Moody v. Oregon Community Credit Union*, 371 Or. 772 (2023), for the proposition that Mrs. Harris's emotional distress is a foreseeable risk of harm to "a legally protected interest sufficient to subject defendant to liability for emotional distress damages." *See id.* at 789. In *Moody*, the Oregon Supreme Court explained that it

> has permitted common-law tort claims for emotional distress damages only in . . . three circumstances: (1) when the defendant also physically injures the plaintiff; (2) when the defendant intentionally causes emotional distress; or (3) when the defendant negligently causes foreseeable, serious emotional distress and also infringes some other legally protected interest.

*Id.* at 784 (quotation marks omitted). The court held that the plaintiff in *Moody* could recover damages for emotional distress because she fell into the third category of circumstances: her serious emotional distress was a foreseeable result of the defendant insurer's violation of the interest protected by ORS § 746.230(1). *Id.* at 790.

Plaintiffs argue that, like the plaintiff in *Moody*, if they succeed on their claim under ORS § 746.230(1), then litigation-related emotional distress is a foreseeable expense. Plaintiffs argue that litigation expenses are recoverable for *any* violation of ORS § 746.230(1). Plaintiffs also argue in the alternative that a claim under ORS § 746.230(1)(g) is a "similar action" referenced in *Nilsen* for which emotional distress damages are recoverable for litigation expenses.

Neither party cites cases involving insurance claims and courts deciding whether emotional distress can be recovered for litigation-related expenses. The weight of authority

found by the Court, however, finds that such expenses are not recoverable. For example, in *Strugari v. Sagamore Ins. Co.*, U.S. Magistrate Judge Stacie Beckerman granted a motion in limine excluding evidence of emotional distress damages for litigation-related stress, citing *Nilsen*. 2022 WL 18865103, at *2 (D. Or. Nov. 10, 2022). That motion, however, was *stipulated* by the plaintiff and decided before *Moody*. In *Lindfors v. State Farm Mut. Auto. Ins. Co.*, 2021 WL 6125771 (D. Alaska Dec. 28, 2021), the District of Alaska concluded that the Alaska Supreme Court would find that litigation-related expenses are not recoverable in claims against an insurance company "primarily because 'the heavy weight of authority holds that litigation-induced stress is not ordinarily recoverable as an element of damages.'" *Id.* at *2 (quoting *Allen v. State Farm Mut. Auto. Ins. Co.*, 2018 WL 1474526, at *7 (D. Alaska Mar. 26, 2018), and gathering cases).

A quite thorough analysis was conducted by the Western District of Washington, considering whether these type of damages are available under Washington's Insurance Fair Conduct Act ("IFCA"), which is similar to Oregon's statute on unfair claims settlement practices. *O'Neal v. State Farm Fire & Cas. Co.*, 2024 WL 4593001 (W.D. Wash. Oct. 25, 2024). After reviewing cases, the court in *O'Neal* concluded that emotional stress from "the adversarial nature of litigation" was not recoverable but that "emotional distress caused by conduct that violates the reasonable expectations of procedural rules and ethics" would be allowed. *Id.* at *7. The court explained:

> In deciding this motion, the Court balances two competing principles. First, the notion that litigation is a matter of choice—one that in and of itself can be substantially distressful and distinct from any harmful conduct from a defendant. After all, a defendant should not be punished for seeking to defend itself in court, and the Court recognizes the potential chilling effect and prejudice to insurers. Second, the Court considers IFCA's purpose to provide a

broad range of remedies to insureds harmed by unfair and harmful
conduct by insurers.

*Id.* (citations omitted).

Here, the Court must balance similar interests but also is governed by *Moody* and *Nilsen*.
In *Moody*, the Oregon Supreme Court specifically allowed emotional distress damages for
violations of ORS § 746.230(1), tying the emotional distress to an interest protected by the
statute. In *Nilsen*, the Oregon Supreme Court stated that litigation-related emotional distress is
recoverable for malicious prosecution and similar cases.

Because the Oregon Supreme Court has not specifically decided the question of whether
litigation-related emotional distress damages are recoverable for violations of ORS § 746.230(1),
the Court must determine how the Oregon Supreme Court likely would decide this issue. *See In
re Kirkland*, 915 F.2d 1236, 1239 (9th Cir. 1990) (stating that without specific state supreme
court guidance, a federal court "must predict how the highest state court would decide the issue
using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises,
and restatements as guidance"). The Court concludes that the Oregon Supreme Court would find
that emotional distress damages can be recovered for litigation stress only if a plaintiff prevails
under ORS § 746.230(1)(g).

The Oregon Supreme Court in *Moody* "conclude[d] that the insurance claim practices that
ORS 746.230 requires and the emotional harm that foreseeably may occur if that statute is
violated are sufficiently weighty to merit imposition of liability for common-law negligence and
recovery of emotional distress damages." 371 Or. at 805. Only ORS § 746.230(g) precludes
forcing an insured to file a lawsuit and thus specifically makes litigation-related stress
foreseeable and recoverable in a way that differentiates it from the foreseeability of litigation
stress in other types of cases. This subsection places a forced insurance claim lawsuit on par with

PAGE 10 – OPINION AND ORDER

a "malicious prosecution and similar actions," *Nilsen*, 271 Or. at 485-86, because the claim's merits involve use of a court proceeding, as distinct from simply using the courts to prosecute or vindicate legal rights.

The Court thus grants Safeco's motion in part. Plaintiffs may not seek litigation-related damages for their claims under any subsection of ORS § 746.230 other than subsection (g). If Plaintiffs do not prevail on their claim under ORS § 746.230(g) but prevail on their claims under another subsection, then the jury will need to parse Plaintiffs' alleged emotional distress damages and determine which emotional distress damages were caused by litigation-related stress and which were caused by Safeco's allegedly wrongful claims processing.

## CONCLUSION

The Court GRANTS IN PART AND DENIES IN PART Safeco's Motion for Partial Summary Judgment, ECF 67. Plaintiffs may not recover litigation-related emotional distress damages other than for their claim under ORS § 746.230(g).

**IT IS SO ORDERED**.

DATED this 28th day of April, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge